IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM TATE                    :
27 Sweetwater Road         :
Glen Mills, PA 19342-1710  :
                          : Civil Action No.
       v.             :
                          :
THORNBURY TOWNSHIP       :
6 Township Drive          : JURY TRIAL DEMANDED
Cheyney, PA 19319-1020   :

**COMPLAINT**

**Parties**

1.  Plaintiff, William Tate, is an adult individual residing in the Commonwealth of Pennsylvania at the address aforementioned.

2.  Defendant, Thornbury Township, is a duly organized township of the second class under the laws of Pennsylvania and maintains offices at 6 Township Drive, Cheyney, Pennsylvania.

**Jurisdiction**

3.  This is an action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1),(3),(4) and the aforementioned statutory provision.

**Factual Allegations**

4.  Plaintiff William Tate is the owner of properties located in Thornbury Township.  More specifically, he owns the properties at 27 Sweetwater Road and 17 Sweetbriar Road within

Thornbury Township.  The properties are adjacent to each other and comprise in excess of 9 acres.

5.  For over 30 years Plaintiff William Tate has engaged in forestry activities, including timber harvesting, on those two properties.

6.  Under the Pennsylvania Right to Farm Act (RTFA) 3 P.S. § 953 forestry activities, including timber harvesting, constitute a normal agricultural operation.

7.  Under the RTFA timber harvesting is clearly included in the definition of a "normal agricultural operation."  3 P.S. § 952.

8.  The RFTA precludes a municipality from regulating normal agricultural operations as a nuisance.

9.  The Pennsylvania Municipalities Planning Code explicitly addresses the limit on municipal authorities to regulate forestry activities, including timber harvesting, as it provides:

> "Zoning ordinances may not unnecessarily restrict forestry activities.  To encourage maintenance and management of forested or wooded open space and promote the conduct of forestry as a sound and economically viable use of forested land throughout this Commonwealth, forestry activities, including but not limited to timber harvesting shall be a permitted use by right in all zoning districts in every municipality." (emphasis added). 53 P.S. § 10603(f).

2

10.   It is also well-settled under Pennsylvania law that a municipality's "power to…regulate does not extend to an arbitrary, unnecessary, or unreasonable intermeddling with the private ownership of property."   Eller v. Bd. of Adjustment, 198 A.2d 863, 865-66 (Pa. 1964); Van Sciver v. Zoning Bd. of Adjustment, 152 A.2d 717, 724 (Pa. 1959)(same); Schmalz v. Buckingham Twp. Zoning Bd., 132 A.2d 233, 235 (Pa. 1957)(same).

11.   The forestry and timbering activities which Plaintiff is engaged in on the two aforementioned properties is clearly permitted by Pennsylvania law.

12.   Under the Commonwealth of Pennsylvania Municipalities Planning Code as aforementioned, no ordinance may unreasonably restrict forestry activities.

13.   On or about December 7, 2020 Plaintiff William Tate received a letter from Thornbury Township ordering him to cease the operation of his forestry and timbering business.  That letter further threatened Mr. Tate with financial penalties if he did not comply with the demand to cease his forestry and timbering operations.

14.   Defendant Thornbury Township used as the justification for their demand that William Tate cease his business operations § 27-201 of the Thornbury Township Code of Ordinances.  More

3

specifically, they referenced § 27-201 of the code, a zoning ordinance, which "prohibits any home-based business which involves customers, clients, traffic, whether it be vehicle or pedestrian, pick up, delivery of removal functions to or from the premises in excess of those normally associated with residential use."

15.  Defendant Thornbury Township knows that this ordinance violates Pennsylvania law and their attempt to enforce it is wholly arbitrary, capricious, irrational and fails to serve any legitimate purpose under Pennsylvania law.

16.  Under the MPC, forestry activities, must be allowed as permitted uses by right in all zoning districts in Thornbury Township.  53 P.S. § 10603(f).

17.  The decision by Defendant Thornbury Township to enforce the above-mentioned ordinance was made to satisfy political pressure and with total disregard for provisions of applicable state law.

18.   Thornbury Township has arrived at a final, definitive position regarding the nature and extent of the impact of the above-mentioned zoning ordinance on Plaintiff's property and has ordered him to cease all business operations.

19.  Defendant Thornbury Township continues to enforce the above-referenced zoning ordinance against Plaintiff.  They

4

continue to impose fines and penalties and continue to restrict Plaintiff's ability to earn a living as he had done for 30 years.

20.   Defendant's enforcement of the above-mentioned ordinance has and will deprive Plaintiff of the economically viable use of his property.

21.   Defendant's attempt to enforce the above-mentioned ordinance against Plaintiff fails to advance a legitimate government interest as it is clearly and explicitally in violation of Pennsylvania law.

22.   Plaintiff William Tate has no adequate remedy of law and will suffer serious and eruptible harm to his constitutional right unless Defendant is enjoined from continuing their enforcement of the illegal zoning ordinance referred to herein above.

23.   In addition to monetary damages, Plaintiff respectfully requests injunctive relief enjoining Defendant from the enforcement of the above-reference ordinance.

<strong>COUNT I.   42 U.S.C. § 1983</strong>

24.   Plaintiff William Tate incorporates by reference paragraphs 1 through 23 of the instant Complaint.

25.   As a result of the actions of the Defendant as aforesaid, Plaintiff has been denied rights guaranteed to him by

5

the substantive due process clause of the Fourteen Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests that this Court:

      a.  Issue an Order for the following injunctive relief; join Defendant Thornbury Township from any and all attempts to enforce § 27-201 of the Thornbury Township Code of Ordinances, and/or any other ordinance which in anyway restricts Plaintiff from the lawful use of his property.

      b.  Compensatory damages;

      c.  Punitive damages;

      d.  Reasonable attorney's fees and costs;

      e.  Such other and further relief as appears reasonable and just; and

      f.  A jury trial as to each Defendant and as to each count.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all issues within the instead action so triable.

6

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
Email: pgeckle@pgglaw.com

Counsel for Plaintiff

7